Filed 6/25/25  P. v. Valenton-Trinidad CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSE GUADALUPE VALENTON-TRINIDAD,<br><br>    Defendant and Appellant. | F086826<br><br>(Super. Ct. No. F18906115)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  F. Brian Alvarez, Judge.

Michelle T. LiVecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Christopher J. Rench and Cameron M. Goodman, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant and appellant Jose Guadalupe Valenton-Trinidad, who was convicted by plea of voluntary manslaughter in 2019, petitioned for relief from his conviction under Penal Code section 1172.6.[1]  He appeals from the trial court's denial of his petition following an evidentiary hearing.  In accordance with this court's decisions in *Gallegos* and *Reyes*, we conclude that defendant was ineligible for relief under section 1172.6 as a matter of law and we affirm the denial of his petition on that ground.  (*People v. Gallegos* (2024) 105 Cal.App.5th 434, 445 (*Gallegos*); *People v. Reyes* (2023) 97 Cal.App.5th 292, 298 (*Reyes*); accord, *People v. Lezama* (2024) 101 Cal.App.5th 583, 585 (*Lezama*).)

## PROCEDURAL BACKGROUND

In September 2018, in connection with a shooting that occurred in May 2018, defendant and two codefendants were charged with one count of murder with an attached firearm enhancement.  (§§ 187, subd. (a), 12022.5, subd. (a).)  In February 2019, the prosecution filed a first amended complaint adding a gang enhancement and a second firearm enhancement, exposing the three to indeterminate life terms.  (§§ 186.22, subd. (b)(1), 12022.53, subds. (b)–(e).)  On May 29, 2019, defendant, along with his two codefendants, pleaded no contest to voluntary manslaughter and admitted an attached sentence enhancement for personal use of a firearm, as alleged in the second amended complaint filed on the same date.  (§§ 192, subd. (a), 12022.5, subd. (a).)  Defendant and his codefendants also waived their appellate rights as a term of the plea agreement.  In August 2019, in accordance with the terms of the agreement, the trial court sentenced defendant to the maximum term of 10 years in prison, comprised of the middle term of six years for manslaughter and the middle term of four years for the firearm enhancement.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

Defendant appealed and challenged the imposition of fines and fees pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157.  In May 2021, we affirmed the judgment in a nonpublished opinion, *People v. Valenton-Trinidad* (May 28, 2021, F079760).

In January 2022, defendant filed a petition for relief from his conviction under section 1172.6.  In March 2023, at the hearing set to determine whether defendant had made a prima facie case for relief, the parties disagreed over whether the preliminary hearing transcript demonstrated that he acted with intent to kill.  (§ 1172.6, subd. (c).)  The trial court inquired whether the fact defendant was convicted by plea after January 1, 2019, the effective date of Senate Bill No. 1437, made any difference to the inquiry.  (Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437).)  Defense counsel stated he was not aware of any authority on that issue and, after the parties submitted, the court concluded defendant made a prima facie showing and issued an order to show cause.

After several continuances, the matter was set for an evidentiary hearing in June 2023.  (§ 1172.6, subd. (d).)  The prosecutor filed a motion seeking another continuance, but, at the hearing, he revisited the issue of the timing of defendant's plea.  He argued that the relevant change in the law occurred in January 2019 and because defendant entered his plea in May 2019, it was unclear the matter was properly before the court.  The court noted it had invited the parties to address the issue, but they submitted and the matter was now set for the evidentiary hearing.  However, the court was willing to hear from the parties on the issue at the evidentiary hearing.

In July 2023, the prosecutor filed a motion for reconsideration and argued defendant's petition should be denied on the ground that he failed to state a prima facie case given he entered his plea after January 1, 2019, the effective date of Senate Bill 1437.  Defendant filed a response claiming the court lacked jurisdiction to reconsider its prior ruling and the motion failed on the merits because Senate Bill No. 775 was not enacted until October 2021.  (Senate No. Bill 775 (2021–2022 Reg. Sess.) (Senate Bill

3.

775).)  The court reconsidered its prior ruling, but declined to set aside the order to show cause.  The court then held the evidentiary hearing and took the matter under submission.

In August 2023, the court found that defendant intended to, and did, aid and abet the shooting, and, therefore, the prosecutor had proved beyond a reasonable doubt that defendant was ineligible for resentencing.  (§ 1172.6, subd. (d)(3).)

Defendant filed a timely notice of appeal.

On review, defendant claims the trial court erred in denying his petition for relief because there was insufficient evidence he had the intent to kill or aided and abetted the shooters.  The People argue defendant was ineligible for relief as a matter of law because his conviction postdated Senate Bill 1437, but if the merits of his claim are considered, substantial evidence supports the trial court's determination that he is guilty of murder under current law.

Consistent with this court's decisions in *Gallegos* and *Reyes*, and the Fourth District's decision in *Lezama*, we find defendant was ineligible for relief under section 1172.6 as a matter of law and his petition should have been dismissed at the prima facie stage of review.  (*Id.*, subd. (c); *Gallegos, supra*, 105 Cal.App.5th at pp. 438–439; *Reyes, supra*, 97 Cal.App.5th at p. 296; *Lezama, supra*, 101 Cal.App.5th at p. 585.)  On this ground, we affirm the trial court's denial of defendant's petition for relief and we do not reach the parties' arguments concerning the merits of the trial court's ruling following the evidentiary hearing.  (§ 1172.6, subd. (d)(3).)

## DISCUSSION

### I. Legal Principles

#### A. Senate Bills 1437 and 775

"In 2018, the Legislature enacted Senate Bill 1437, which eliminated the natural and probable consequences theory of murder.  (Stats. 2018, ch. 1015, § 1, subd. (f).)  Senate Bill 1437 amended Penal Code section 188 to provide that '[e]xcept as stated in subdivision (e) of Section 189 [governing felony murder], in order to be convicted of

4.

murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime.' (§ 188, subd. (a)(3), added by Stats. 2018, ch. 1015, § 2.) Senate Bill 1437 also narrowed the scope of the felony-murder exception to this general rule, providing that a defendant who was neither the actual killer nor acted with the intent to kill can be liable for murder only if he was a 'major participant in the underlying felony and acted with reckless indifference to human life.'" (*People v. Hin* (2025) 17 Cal.5th 401, 441 (*Hin*), quoting § 189, subd. (e)(3), added by Stats. 2018, ch. 1015, § 3.) "[T]he statute as amended bars a conviction for first or second degree murder under a natural and probable consequences theory." (*Hin, supra*, at p. 441, citing *People v. Gentile* (2020) 10 Cal.5th 830, 849 (*Gentile*).)

"In October 2021, the Governor signed into law Senate Bill 775. (Stats. 2021, ch. 551.) In its findings and declarations, the Legislature explained that Senate Bill 775 '[c]larifies that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable [*sic*] consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories.' (Stats. 2021, ch. 551, § 1, subd. (a).) The legislation also allows a person convicted of murder or attempted murder on a natural and probable consequences doctrine to challenge the validity of the conviction on direct appeal (*id.*, § 2 [revised former § 1170.95, subd. (g) (now § 1172.6, subd. (g); see Stats. 2022, ch. 58, § 10)]), abrogating [the] contrary holding in *Gentile*. (See *Gentile, supra*, 10 Cal.5th at p. 839.) Senate Bill 775 also abrogates [the] holding in *People v. Favor* (2012) 54 Cal.4th 868, 880, that '[u]nder the natural and probable consequences doctrine, there is no requirement that an aider and abettor reasonably foresee an attempted premeditated murder as the natural and probable consequence of the target offense.' (See Stats. 2021, ch. 551, §§ 1, subd. (a), 2, subds. (a), (g).)" (*Hin, supra*, 17 Cal.5th at pp. 441–442.)

**B.      Section 1172.6 Petition**

Section 1172.6 governs the petition process available to defendants seeking retroactive relief based on the changes in the law.  (*People v. Wilson* (2023) 14 Cal.5th 839, 869 (*Wilson*).)  The "process 'begins with the filing of a petition containing a declaration that all requirements for eligibility are met ([§ 1172.6], subd. (b)(1)(A)) ….' ([*People v.*] *Strong* [(2022)] 13 Cal.5th [698,] 708.)  Those requirements are, first, 'A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine'; second, 'The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder'; and, third, 'The petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019.' (§ 1172.6, subd. (a)(1)–(3).)" (*Gallegos, supra*, 105 Cal.App.5th at p. 441.)

"The trial court … reviews the petition to determine whether a prima facie showing has been made that the petitioner is entitled to relief.  ([§ 1172.6], subd. (c).)  'If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition.  (See § 1172.6, subd. (c); [(*People v.*] *Lewis* [(2021) 11 Cal.5th 952,] 970–972.)' ([*People v.*] *Strong* [(2022) 13 Cal.5th 698,] 708.)  Otherwise, the court must issue an order to show cause (§ 1172.6, subd. (c)) and hold an evidentiary hearing at which the  prosecution bears the burden 'to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder' under the law as amended by Senate Bill 1437 (§ 1172.6, subd. (d)(3)).  In addition to evidence admitted in the petitioner's prior trial, both '[t]he prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens.' (*Ibid.*)  'If the

6.

prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges.'" (*Wilson, supra*, 14 Cal.5th at p. 869.)

## II. Analysis

As a threshold matter, we recognize that the trial court proceeded to an evidentiary hearing and found defendant ineligible for relief under section 1172.6 based on the underlying record in the case. However, "[o]ur task is to review the trial court's *ruling*, not its reasoning. '"No rule of decision is better or more firmly established by authority, nor one resting upon a sounder basis of reason and propriety, than that a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason. If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion."'" (*People v. Turner* (2020) 10 Cal.5th 786, 807, quoting *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 19; accord, *Capra v. Capra* (2020) 58 Cal.App.5th 1072, 1094.) As explained in *Gallegos*, *Lezama and Reyes*, because defendant was convicted by plea *after* the effective date of Senate Bill 1437, he was ineligible for relief as a matter of law and the trial court should have denied his petition on that ground at the prima facie review stage. Because the trial court denied his petition for relief, albeit on different grounds, we affirm the judgment.

### A. Defendant Ineligible for Relief Under Section 1172.6

Defendant's claim is foreclosed under this court's decisions in *Gallegos* and *Reyes*. (*Gallegos, supra*, 105 Cal.App.5th at p. 445; *Reyes, supra*, 97 Cal.App.5th at p. 298.) In *Gallegos*, we addressed *Lezama*, explaining, "There, the Court of Appeal determined the section 1172.6 procedure did not apply to a defendant convicted of manslaughter after the effective date of Senate Bill No. 1437. The court noted that section 1172.6 has three statutory criteria for resentencing: '"(1) [a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of

7.

felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;] [¶] (2) [t]he petitioner was convicted of … manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[;] [¶] (3) [t]he petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019.'" (*Lezama, [supra*, 101 Cal.App.5th] at p. 588, quoting § 1172.6, subd. (a).) The court determined that the language of the last of these criteria was ambiguous: 'The notion that someone could not presently be convicted of murder or attempted murder because of changes made by Senate Bill [No.] 1437 implies that at one point in time the circumstances were different. But the statute does not specify the temporal point of contrast. On one hand, … it could be the time of filing of an information charging murder which left open the possibility the prosecution could employ an imputed malice theory. On the other hand, … it could be the time of the trial or plea which resulted in the conviction.' (*Lezama*, at pp. 588–589.)

"Ultimately, the court concluded the legislative history of the statute 'reveal[ed] the Legislature's aim in the manslaughter context was to make relief available to [petitioners] who were convicted by plea or trial at a time when the prosecution could have pursued a murder charge, but the only way of doing so would have been a now invalid theory of imputed malice.' (*Lezama, supra*, 101 Cal.App.5th at p. 590.) For example, '[a] Senate Committee on Public Safety report summarizing the purposes of Senate Bill [No.] 775 states the statutory revisions clarify "that a person … who was convicted of manslaughter when the prosecution was allowed to proceed on a theory of felony murder or murder under the natural and probable consequences doctrine … [may] apply to have their sentence vacated and be resentenced." (Sen. Com. on Public Safety, Rep. on Sen. Bill No. 775 (2021–2022 Reg. Sess.) as amended Feb. 19, 2021, p. 3;

8.

accord, Sen. Floor 3d Reading Analysis, *supra*, p. 3 [same].)' (*Lezama*, at p. 589.)  The court therefore determined that, 'in the manslaughter plea context, the most reasonable reading of the third criterion for establishing resentencing eligibility is that at the time of conviction—i.e., the time the plea was entered—the only way to a murder conviction was through an imputed malice theory.'  (*Id.* at p. 590.)  Accordingly, resentencing is unavailable to a person who 'pled guilty to voluntary manslaughter at a time when imputed malice theories had already been statutorily eliminated.'"  (*Gallegos, supra*, 105 Cal.App.5th at pp. 442–443, citing & quoting *Lezama, supra*, at pp. 588–590 & *Reyes, supra*, 97 Cal.App.5th at p. 296.)

Like the defendant in *Gallegos*, defendant "entered his plea in 2019, after the effective date of Senate Bill No. 1437, and after the now-invalid theories of murder liability were eliminated.  At the time his plea was entered, the prosecution could no longer pursue a murder conviction through an imputed malice theory.  Thus, [the defendant] cannot show that he 'could not presently be convicted of murder … because of changes to [s]ection 188 or 189 made effective January 1, 2019.'"  (*Gallegos, supra*, 105 Cal.App.5th at p. 443, fn. omitted, quoting § 1172.6, subd. (a)(3) & citing *Lezama, supra*, 101 Cal.App.5th at p. 590 & *Reyes, supra*, 97 Cal.App.5th at p. 298.)  Therefore, defendant "is ineligible for resentencing as a matter of law." (*Gallegos, supra*, at p. 443.)

### B.     Reliance on Section 1016.8

Defendant's opening brief was filed before our decision in *Gallegos*, but after the decisions in *Lezama* and *Reyes*.  In response to the People's argument that he was ineligible for relief under section 1172.6 as a matter of law, defendant advances two arguments.  First, he argues, he "was entitled to take advantage of the change in law (Senate Bill No. 775) to petition the court for relief because his plea was not knowing and intelligent, as required by section 1016.8, subdivision (a)(4).  His plea was therefore 'void as against public policy.' (§ 1016.8, subd. (b).)"  (Fn. omitted.)

9.

This argument misses the mark. Section 1016.8, effective January 1, 2020, codified the California Supreme Court's holding in *Doe v. Harris* (2013) 57 Cal.4th 64, 73 (*People v. Stamps* (2020) 9 Cal.5th 685, 704–705), and provides, in relevant part: "A plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent." (§ 1016.8, subd. (a)(4).) "A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy." (*Id.*, subd. (b).)

Although the trial court questioned the effect of section 1016.8 given that defendant waived his appellate rights, defendant's ineligibility for relief under section 1172.6 is not related to the waiver of his appellate rights as part of his plea bargain, and he is not being denied the benefit of any ameliorative change in the law he could not have foreseen when he entered his plea. To the contrary, for the purpose of the relief he is seeking under section 1172.6, the relevant change in the law occurred on January 1, 2019. This change was already in effect when he entered his plea in May 2019 and he is ineligible for relief because by then, "imputed malice theories of murder liability had been eliminated .…" (*Gallegos, supra*, 105 Cal.App.5th at p. 445.)

Defendant also misfocuses on Senate Bill 775, which was enacted after he was convicted. As previously stated, Senate Bill 775, effective January 1, 2022, "amended former section 1170.95 to expand the categories of offenders eligible to petition for resentencing. Now, persons convicted of 'attempted murder under the natural and probable consequences doctrine, or manslaughter' may file a petition for resentencing. (§ 1172.6, subd. (a); see former § 1170.95, subd. (a).) One purpose of the bill was to clarify 'that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are

10.

permitted the same relief as those persons convicted of murder under the same theories.' (Stats. 2021, ch. 551, § 1, subd. (a).)" (*Gallegos, supra*, 105 Cal.App.5th at p. 441.)  The change to murder liability relevant in this case, however, was effected through Senate Bill 1437 prior to the date defendant entered his plea.  (*Gallegos, supra*, at pp. 443–445 & fn. 4.)  As *Lezama* explained, "in the manslaughter plea context, the most reasonable reading of the third criterion for establishing resentencing eligibility is that at the time of conviction—i.e., the time the plea was entered—the only way to a murder conviction was through an imputed malice theory.  As a matter of law, this cannot be true for a person, like [the] defendant, who pled guilty to voluntary manslaughter at a time when imputed malice theories had already been statutorily eliminated." (*Lezama, supra*, 101 Cal.App.5th at p. 590, fn omitted; accord, *Gallegos, supra*, at p. 443.)[2]

## C.    Decision in *Reyes*

Second, defendant distinguishes this court's decision in *Reyes* on the ground that unlike the defendant in *Reyes*, who was charged in 2020, he was charged in 2018, prior to the enactment of Senate Bill 1437.  (*Reyes, supra*, 97 Cal.App.5th at p. 298.)  This argument overlooks the fact that *Reyes* and *Gallegos* considered when the pleas were entered and concluded that, by virtue of Senate Bill 1437, "the now invalid theories of murder liability had already been eliminated." (*Reyes, supra*, at p. 298; accord, *Gallegos, supra*, 105 Cal.App.5th at p. 445.)  It also overlooks the fact that the complaint filed in 2018 was not the operative pleading in this case.  The operative pleading at the time of plea negotiations was the first amended complaint, which was filed in February 2019.  Moreover, given that the complaints were generic and did not specify the murder theory (*People v. Rivera* (2021) 62 Cal.App.5th 217, 233), they offer no support for a claim that defendant was somehow deprived of the benefit of the changes in the law when Senate

---

[2]    A fourth appellate court recently reached the same conclusion.  (*People v. Hickman* (2025) 110 Cal.App.5th 1262, 1264–1265.)

11.

Bill 1437 became effective on January 1, 2019.  (See *People v. Ramirez* (2021) 10 Cal.5th 983, 1042 ["Absent evidence to the contrary, we presume that the trial court knew the law and followed it."]; *People v. Barrett* (2012) 54 Cal.4th 1081, 1105 ["Counsel is presumed competent and informed as to applicable constitutional and statutory law."].)

Accordingly, on the ground that he is ineligible for relief as a matter of law, we affirm the trial court's denial of defendant's section 1172.6 petition.

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is affirmed.

MEEHAN, J.

WE CONCUR:

LEVY, Acting P. J.

DETJEN, J.